760 So.2d 1062 (2000)
Dieufrand MONDESTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-0965.
District Court of Appeal of Florida, Fourth District.
June 21, 2000.
Gennaro Cariglio, Jr., Miami Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Rajeev Saxena, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We affirm on the authority of Hemingway v. State, 762 So.2d 957 (Fla. 4th DCA 2000) and United States v. Guapi, 144 F.3d 1393, 1395 (11th Cir.1998). The Guapi court observed that the United States Supreme Court "has specifically rejected the notion that police officers must always inform citizens of their right to refuse when seeking permission to conduct a warrantless consent search." Id. (citation omitted).
We note that the Fourth Amendment analysis emanating from Florida v. Bostick, 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991), has come under much criticism from commentators. See Tracey Maclin, Justice Thurgood Marshall: Taking the Fourth Amendment Seriously, 77 Cornell L.Rev. 723, 801-02 (1992) (footnotes omitted). See also Defining a Seizure-Police Chases and Bus Sweeps: Florida v. Bostick and California v. Hodari D., 105 Harv. L.Rev. 297, 308 (1991); *1063 James F. Heuerman, Florida v. Bostick: Abandonment of Reason in Fourth Amendment Reasonable Person Analysis, 13 N. Ill. L.Rev. 173, 191-92, 198-99 (1992); Michael J. Reed, Jr., Comment, Florida v. Bostick: The Fourth Amendment Takes a Back Seat to the Drug War, 27 N. Eng. L.Rev. 825, 846-856 (1993); Robert V. Ward, Consenting to a Search and Seizure in Poor and Minority Neighborhoods: No Place for a "Reasonable Person", 36 How. L.J. 239, 240-41, 251-54 (1993).
We recognize that this is not the appropriate court to reexamine Bostick. See Art. I, § 12, Fla. Const.
AFFIRMED.
FARMER, GROSS and TAYLOR, JJ., concur.